### EX PARTE HENRY C. HEFLIN

No. 26,980.  May 5, 1954

*Davenport and Anderson* (of Counsel, *Henry J. Anderson*), Wichita Falls, for relator.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The relator sued out a writ of habeas corpus before the county judge of Wichita County in which writ he claims that he was being unlawfully restrained of his liberty by the sheriff of said county by having been placed in jail.

The judge granted said writ of habeas corpus and set this cause down for hearing on January 9, 1954. It was shown at the hearing thereof that the relator had been charged prior to his incarceration by complaint and information with the offense of driving while intoxicated in said county on November 21, 1949.

It was also shown that the relator had employed an attorney to represent him in such matter and had paid his attorney a certain portion of his fee; that on November 29, 1949, there was entered a plea of guilty in this cause in the county court, and a notation was made on the jacket holding the papers that the plea was "guilty (by counsel)." We find in the criminal minutes of said court a notation that relator had pleaded guilty and his punishment assessed at a fine of $150.00; that on the next day, November 30, 1949, a capias was issued for his arrest, but he was not arrested until January 8, 1954, at which time relator sued out this writ.

It is contended by the relator that he had never seen his attorney, Charles D. Butts, after the date in 1949 when he was first arrested, had never consulted with him, had never agreed that his attorney might plead him guilty, nor had he authorized his attorney to do such. The attorney was not present during the hearing of this matter; and appellant took the stand and denied the fact that he had authorized his attorney to enter any plea for him; that he had never been in court, and was not

in court at the time this plea seems to have been entered by his counsel; that he had never been to his attorney's office and had never seen him since he employed him on the day of his arrest in 1949.

The testimony of the relator also shows that he was told by his attorney on the day he made his bond in the year 1949 that he would take care of this case and that this was all right with the relator. However, the relator is positive that he never gave his attorney any authority to plead him guilty in this matter, and there is no proof to the contrary. Mr. Butts, the attorney employed by the relator in 1949 did not appear in this hearing, and the person who was the county attorney at such time had no recollection of the matter except that he did recognize his handwriting on the shuck containing the papers in the case.

This plea is clearly shown in the testimony not to have been authorized by the relator. In fact, it is shown that he did not authorize his attorney to enter the plea for him; and according to all the testimony, he was not present at the time this plea was entered.

We think it is of particular interest to note that the court asked counsel for the State if he wanted time to bring Mr. Butts in as a witness and that counsel stated that he did not. Therefore, the court had before him the unqualified denial of the relator that he had ever authorized Mr. Butts to plead him guilty and no evidence to contradict the same.

The state makes no explanation as to why the capias was not executed for nearly five years. Had the relator been a fugitive during this time, such would be easily established. For all this record reveals, the relator may have been a resident of Wichita County during all this time.

The judgment of the trial court is reversed and the relator is remanded to the county court of Wichita County, there to be tried on the original charge against him.